**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---

|                          |   |                          |
|--------------------------|---|--------------------------|
| GLEN MAYS,               | : |                          |
|                          | : |                          |
|              Plaintiff,  | : | Civil No. 09-0852 (JAP)  |
|                          | : |                          |
|         v.               | : |                          |
|                          | : |                          |
| GEORGE HAYMAN, et al.,   | : | **O P I N I O N**        |
|                          | : |                          |
|              Defendants. | : |                          |

---

**APPEARANCES:**

Glen Mays, Pro Se
# 743493D
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**PISANO, District Judge**

Plaintiff, Glen Mays, currently confined at the New Jersey State Prison, Trenton, New Jersey, brings this civil action in forma pauperis, pursuant to 28 U.S.C. § 1915.[1]

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

---

[1]  Plaintiff's case was administratively terminated for failure to pay the filing fee or to submit a proper in forma pauperis application.  Plaintiff has since submitted a proper IFP application and his case was reopened under separate Order.

is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  For the reasons set forth below, the Court concludes that the complaint will be dismissed, without prejudice.

### BACKGROUND

Plaintiff's complaint asserts that on February 20, 2009, he left his cell for a 15 minute shower.  While he was out of his cell, officers illegally searched and ransacked his cell, taking his medical mattress, and his grand jury transcripts and legal papers.  Plaintiff notes that the mattress was eventually returned.  At the time he submitted the complaint, the legal papers were not returned.

Plaintiff also states that his glasses were broken during a search of his cell, that he was strip searched on August 15, 2008 when he arrived at the New Jersey State Prison, and was forced to stay naked for five hours.

Plaintiff asks this Court to send an investigator to retrieve his grand jury transcripts and to obtain the videotape of the August 15, 2008 strip search.  He also asks for monetary relief.

### DISCUSSION

**A.   Standard for Sua Sponte Dismissal**

The Prison Litigation Reform Act ("PLRA"), <u>Pub. L. No. 104-134</u>, §§ 801-810, 110 <u>Stat.</u> 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil

action in which a prisoner is proceeding <u>in</u> <u>forma</u> <u>pauperis</u> or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to <u>sua</u> <u>sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to <u>sua</u> <u>sponte</u> screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  <u>See</u> <u>also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a <u>pro</u> <u>se</u> plaintiff's "bald assertions" or "legal conclusions."  <u>Id.</u>

A <u>pro</u> <u>se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). <u>See also</u> <u>Erickson</u>, 551 U.S. at 93-94 (in considering a <u>pro se</u> prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Fed. R. Civ. P.</u> 8(a)(2).[2] Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a

---

[2]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." <u>Fed. R. Civ. P.</u> 8(d).

4

cause of action, supported by mere conclusory statements, do
not suffice ... .  Rule 8 ... does not unlock the doors of
discovery for a plaintiff armed with nothing more than
conclusions.  Second, only a complaint that states a
plausible claim for relief survives a motion to dismiss.
Determining whether a complaint states a plausible claim for
relief will ... be a context-specific task that requires the
reviewing court to draw on its judicial experience and
common sense.  But where the well-pleaded facts do not
permit the court to infer more than the mere possibility of
misconduct, the complaint has alleged-but it has not
"show[n]"-"that the pleader is entitled to relief."  <u>Fed.
Rule Civ. Proc.</u> 8(a)(2).

<u>Iqbal</u>, 129 S. Ct. at 1949-1950 (citations omitted).  The Court

further explained that

a court considering a motion to dismiss can choose to begin
by identifying pleadings that, because they are no more than
conclusions, are not entitled to the assumption of truth.
While legal conclusions can provide the framework of a
complaint, they must be supported by factual allegations.
When there are well-pleaded factual allegations, a court
should assume their veracity and then determine whether they
plausible give rise to an entitlement to relief.

<u>Id.</u> at 1950.

Thus, to prevent a summary dismissal, a civil complaint must

now allege "sufficient factual matter" to show that the claim is

facially plausible.  This then "allows the court to draw the

reasonable inference that the defendant is liable for the

misconduct alleged.  <u>See id</u>. at 1948.  The Supreme Court's ruling

in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the

allegations of his complaint is plausible.  <u>See id.</u> at 1949-50;

<u>see also</u> <u>Twombly</u>, 505 U.S. at 555, & n.3; <u>Fowler v. UPMC</u>

Shadyside, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[3] that applied to federal complaints before Twombly. See Fowler, 2009 WL 2501662 at *5. Now, after Iqbal, the Third Circuit requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S. Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 2009 WL 2501662, *5.

---

[3] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

B.     **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.     **Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), contains an administrative exhaustion requirement for prisoners seeking relief for prison conditions; the statute provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such
administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement is mandatory.  <u>See</u> <u>Woodford v.</u>
<u>Ngo</u>, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the
discretion of the district court, but is mandatory"); <u>Booth v.</u>
<u>Churner</u>, 532 U.S. 731, 734 (2001) (prisoners must exhaust
available administrative remedies, even where the relief sought
cannot he granted in the administrative process).  District
courts are authorized to dismiss inmate complaints pursuant to 42
U.S.C. § 1997e(a) when the failure to exhaust administrative
remedies is apparent from the face of the complaint.  <u>See</u> <u>Jones</u>
<u>v. Bock</u>, 549 U.S. 199, 215 (2007) (while exhaustion under §
1997e(a) is an affirmative defense rather than a pleading
requirement, "that is not to say that failure to exhaust cannot
be a basis for dismissal for failure to state a claim ....
Whether a particular ground for opposing a claim may be the basis
for dismissal for failure to state a claim depends on whether the
allegations in the complaint suffice to establish that ground,
not on the nature of the ground in the abstract"); <u>Pena-Ruiz v.</u>
<u>Solorzano</u>, Fed. App'x 110, 112 n. 3 (3d Cir. 2008) ("Although
failure to exhaust administrative remedies is generally an
affirmative defense to be pleaded by the defendant, we have
recognized that a district court has the inherent power to
dismiss <u>sua</u> <u>sponte</u> a complaint such as this one which facially

8

violates a bar to suit"); <u>Ray v. Kertes</u>, 285 F.3d 287, 295 n. 5 (3d Cir. 2002) (where "the plaintiff-prisoners explicitly conceded their failure to exhaust administrative remedies [on the face of the complaint, such] dismissals would thus fall within a district court's inherent power to dismiss <u>sua sponte</u> a complaint which facially violates a bar to suit").

New Jersey prison regulations set forth a two-step Inmate Remedy System which permits inmates to "formally communicate with correctional facility staff to request information from, and present issues, concerns, complaints or problems to the correctional facility staff." <u>N.J. Admin. Code</u> § 10A:1-4.1(a)(1) (effective June 16, 2008).  Under the first step, an inmate deposits either a Routine Inmate Request, an Interview Request, or an Urgent Request, in a designated collection box. <u>See</u> <u>N.J. Admin. Code</u> §§ 10A:1-4.4(f); 10A:1-4.5.  Correctional facility staff must review and respond to the initial request "within 30 calendar days unless the request is determined to be an urgent request or a request is determined to require further deliberation." <u>N.J. Admin. Code</u> § 10A:1-4.5(e).  If the inmate is dissatisfied with the response, then he or she may submit an Administrative Appeal within 10 calendar days. <u>See</u> <u>N.J. Admin. Code</u> § 10A:1-4.6(b).  The prison administrator or designee must respond to the appeal within 10 business days. <u>See</u> <u>N.J. Admin. Code</u> § 10A:1-46.(c).  The Administrative Appeal is the final

level of review and completes the administrative exhaustion process.[4]  See N.J. Admin. Code § 10A:1-4.6(d).

As previously stated, Plaintiff's Complaint in this case is on a prisoner civil rights complaint form.  In response to the question on the form which asks whether Plaintiff has exhausted available administrative remedies, Plaintiff checked the "No" box and gave the following explanation:

> Because a federal offense was committed my grand jury transcripts were removed from my cell when I was in the shower during a retaliation shake down by two officers ordered by administration because of a complaint I filed in October on the administration.

(Complt., ¶ 5).

Because exhaustion is mandatory and it is clear from the face of the Complaint that Plaintiff has not exhausted available administrative remedies, this Court will dismiss the Complaint without prejudice for failure to exhaust administrative remedies.[5]

---

[4]  The regulations specify that the Inmate Remedy System, including an appeal, "must be utilized and fully exhausted prior to an inmate filing any legal action regarding information requests, issues, concerns, complaints, or problems." N.J. Admin. Code § 10A:1-4.4(d).

[5]  As the dismissal is not on the merits, it is without prejudice to Plaintiff's filing a new complaint asserting his federal claims after he has exhausted administrative remedies.

## CONCLUSION

Based on the foregoing, the Court dismisses the Complaint for failure to exhaust administrative remedies.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: February 4, 2010